UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

AUG 29 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) 4:19CR713 AGF/PLC |
| DARYL PATRICK INGRAM, | ) ) |
| Defendant. | ) ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Katharine A. Dolin, Special Assistant United States Attorney for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1), an offense for which a maximum 10-year imprisonment is prescribed under Title 18.

2. According to St. Louis Metropolitan Police Report #19-019127, on April 28, 2019, officers were dispatched to a shooting at 5216 Maffitt Avenue. Upon arrival, officers observed Daryl Ingram standing on the front porch of the residence, screaming, with a shotgun pointed in the air. An individual, unhurt, was laying on the sidewalk in front of him. Officers directed Ingram to lower his weapon, which he did slowly, putting officers in his line of fire. The victim was able to take cover and officers were able to arrest Ingram after a struggle. A spent shell casing was found in the firearm. The occupant of the home told officers that Ingram, who stayed with her occasionally, had smoked PCP earlier and was behaving erratically. Ingram

confirmed he had earlier smoked PCP. A computer check revealed Ingram to be a convicted felon and that he had active warrants out for his arrest for city traffic offenses.

3. Defendant's extremely violent conduct as well as his resistance to officers' attempts to subdue him indicate he will be a danger to the community and a flight risk if released.

4. Defendant's criminal history includes a 1982 finding of guilt for felony stealing, a 1984 conviction for felony stealing, a 1988 finding of guilt for felony stealing, a 1988 conviction for felony stealing (21CCR-572551), a 1996 finding of guilt for concealing/price altering merchandise (Hampton, Virginia), a 1997 finding of guilt for concealing/price altering merchandise (Hampton, Virginia), a 1997 finding of guilt for felony possession of drugs (Newport News, Virginia), a 1998 finding of guilt for felony larceny (James City, Virginia), a 1999 conviction for forging a public document (James City, Virginia), a 2007 conviction for unauthorized use of an animal/vehicle/ etc. (Henrico, Virginia), and a 2014 finding of guilt for physically taking property from a victim (1222-CR01244-01). He has arrests not resulting in a finding of guilt for: robbery in the second degree, domestic assault in the third degree, assault in the third degree, local ordinance assault, stealing (multiple), possession of drug paraphernalia, DUI, refuse blood/breath test, unlawful change of name, contempt of court, forging public records (multiple), and possession of burglarious tools.

5. Defendant's violent behavior in this case as well as his history of violent arrests indicates he will be a danger to the community if released. His findings of guilt related to fraudulent activities, including forging a public document, as well as his criminal history in the states of Virginia and Illinois reflect a heightened flight risk.

6. Defendant's criminal history reflects he has used the alias "Kevin Frederick," he has used multiple social security numbers, and he has used multiple dates of birth. His use of deceptive practices in the past reflects a heightened flight risk.

7. Defendant has a past arrest for violating his probation. Furthermore, he was wanted at the time of this offense. Additionally, a warrant was recently issued for Defendant's arrest in pending St. Louis City

case 1922-CR01286-01 for testing positive for cocaine while on bond and then leaving the courthouse against orders. Defendant's inability to comply with the law while at large is indicative of his danger to the community were he to be released on bond in this case.

8. There is a serious risk that Defendant will flee, given Defendant's history of his attempted flight from law enforcement in this case, his interstate criminal history, his failure to comply with supervision while on probation, and the potential sentence Defendant faces in this case.

9. Defendant's criminal history and the nature and circumstances of the offense charged reflect that there is a serious danger to the community that would be posed by Defendant's release. Further, there are no conditions or combination of conditions that will reasonably assure Defendant's appearance as required.

WHEREFORE, the United States requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


/s/ Katharine A. Dolin
KATHARINE A. DOLIN, #64817MO
Special Assistant United States Attorney