UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>           Plaintiff,         )<br>                                  )<br>     v.                           )<br>                                  )<br> DARYL PATRICK INGRAM,             )<br>           Defendant.             ) | Case No.: 4:19-CR-713-AGF |

### DEFENDANT DARYL INGRAM'S SENTENCING MEMORANDUM

COMES NOW Brent E. Labovitz on behalf of Defendant, Daryl Ingram, and respectfully submits the following information for purposes of sentencing mitigation pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3553.

### OPENING COMMENTS

Defendant Daryl Ingram is a 55-year-old male, who lives in St. Louis, Missouri. He is now before this Court for sentencing on June 8, 2020. The Defendant pled guilty to the charge of: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

### Pre-Sentence Report

**I.     Calculation in PSR**

In the Pre-Sentence Report (PSR), United States Probation Officer Sarah Graeler calculated a base offense level of 14 pursuant to USSG § 2K2.1(a)(6)(A).

The PSR then indicates that the Defendant also clearly demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of Defendant's own misconduct thereby decreasing the offense level by 2 levels pursuant to USSG § 3E1.1(a) arriving at the Total Offense Level of 12.

## SENTENCING CONSIDERATIONS

In considering a sentence the Court must also turn to the Section 3553(a) factors. The Court must recognize that the sentencing guidelines are to be given no more or less weight than any other factor. See United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D.Mass.2005).

The mandate of 18 U.S.C. §3553(a) is, of course, for the Court to "*impose a sentence sufficient, but not greater than necessary, to comply*" with the purposes of sentencing set forth in the second paragraph of that same statute. In Rita, 551 U.S. at 347-348, the Court summarized the now often-cited sentencing factors listed in §3553(a): the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." See also United States v. Hunt , 459 F.3d 1180, 1182 (11th Cir. 2006).

## IMPOSITION OF SENTENCE

I.  **Section 3553(a) Sentencing Factors as Applied to Mr. Ingram**

In the case at hand this Court must consider §3553(a) factors. Consideration of the 3553(a) factors will show that a sentence at the bottom of the guideline range is appropriate and justified. After considering these factors, the Court will see that a sentence at the bottom of the guideline range is justified in this case.

   i. **Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant.**

      a. *The Nature of the Offense*

The PSR correctly sets forth the nature of the offense as agreed to by the parties in the Plea Agreement. Mr. Ingram disagrees with certain characteristics of his offense conduct; however, Mr. Ingram is not trying to downplay the seriousness of the offense. Mr. Ingram is being charged with felon in possession of a firearm. The current offense is not considered a violent offense. However, Mr. Ingram recognizes that some of his conduct in the offense may be considered violent by this Court. The Court needs to know that there is more context to Mr. Ingram's actions.

2

The PSR informs this Court that Mr. Ingram suffers from depression, for which he is being medicated currently. This Court should also be aware that Mr. Ingram admits he was under the influence of drugs on the date of this incident. As will be discussed in this memorandum, Mr. Ingram suffers from addiction to drugs. Again, Mr. Ingram does not wish to downplay his actions, but the combination of the drugs and his mental condition played a significant role in his actions on the date of this incident. Mr. Ingram fully recognizes his wrongful actions of possessing a firearm and his other actions on that date. However, this Court knows that mental conditions and substance abuse can cause individuals to do things that are not fully thought through. Mr. Ingram just wishes for this Court to be aware of all the facts surrounding his actions on the date of the incident.

      b. *Mr. Ingram's Personal History*

Daryl Ingram was born in St. Louis, Missouri on July 31, 1964, and grew up in a family of modest means. Mr. Ingram did not have a relationship with his father and only met him one time as a child. Mr. Ingram had a close relationship with his mother, who passed away in 2016. Mr. Ingram was close to his siblings growing up, and still remains close with them.

Mr. Ingram will be the first to tell this Court that he generally had a good childhood. However, he did not grow up without his hardships. His mother struggled financially. With three siblings, and being raised by a single mother, Mr. Ingram had some difficult times growing up.

Mr. Ingram grew up in an area that was prone to violence. In the eighth grade Mr. Ingram witnessed someone killed in his neighborhood. This violence caused Mr. Ingram to become hopeless at times.

At the age of 11 years old Mr. Ingram started to experiment with drugs and alcohol. It was this early exposure to drugs and alcohol that had a dramatic impact on Mr. Ingram's life. Mr. Ingram eventually started to abuse drugs, which ultimately led to many of his poor decisions. Mr. Ingram recognizes his substance abuse problem and has tried on numerous occasions to get involved with programs. However, Mr. Ingram will be the first to tell this Court that he has had difficulty remaining clean from drugs.

Mr. Ingram truly believes it is due in part to these difficult conditions that Mr. Ingram is now in this current situation. Mr. Ingram does not blame anyone but himself for his current legal

situation, however, Mr. Ingram's his difficult upbringing, and drug addiction played huge factors in the decisions he has made which have landed him in this situation.

Mr. Ingram would also like the court to know that he has taken this opportunity to make himself better.  Mr. Ingram recognizes his substance abuse and mental health conditions have led to problems and has sought treatment in the jail facility he is current being detained.  He has been prescribed medication and believes it is helping.

Mr. Ingram requests that the court take these factors into consideration when determining an appropriate sentence.

  *c.  Criminal History*

Mr. Ingram recognizes that he has a criminal history, and also recognizes that he is lucky that his criminal history is old for purposes of the USSG.  However, he wishes for the Court to see that the majority of his prior criminal history is drug offenses.  Again, Mr. Ingram does not wish to shift blame for his past conduct but points out that his substance abuse and mental health have caused him to make some very poor decisions.  The Court should consider this when reviewing Mr. Ingram's prior criminal history.

  *d.  The Defendant's Mental Health*

In 2018 Mr. Ingram was diagnosed with depression.  However, Mr. Ingram has suffered with depression for a very long time.  This depression has caused Mr. Ingram to self-medicate at times.  Mr. Ingram now recognizes he needs help for his depression and has sought mental health counseling while in custody at St. Charles County Jail.  Mr. Ingram is also prescribed medication to help with his mental health conditions.  Mr. Ingram wishes for the Court to consider his mental health condition when determining a sentence.

  **ii.  The need for the sentence to reflect the basic aims of sentencing.**

In determining a sentence, the Court must essentially ask whether a high guideline sentence, or a severe sentence, would achieve greater justice, deterrence, incapacitation or rehabilitation.  Respectfully, it would not in this case.

The current guideline sentence 12 to 18 months is reasonable and justified.

Mr. Ingram believes that a sentence within the guideline range, and specifically at the bottom of the guideline range would achieve the goals of the USSG.

**II. PSR Calculations**

If this Court agrees with the PSR the offense level would be a 12 with a guideline range of 12 to 18 months.  Mr. Ingram requests this Court to follow the recommendation of the PSR.

**III. Mr. Ingram's Request for Sentence.**

As discussed above, *Booker* and 18 U.S.C. § 3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment.

Here, it is respectfully submitted that a **sentence of one year and one day (or 12 months and 1 day) is sufficient** to achieve the goals of punishment, deterrence and respect for the law.

Justice is certainly served by this sentence. Mr. Ingram recognizes the seriousness of his offense and the resulting harm; he is not attempting to avoid this reality.  Accordingly, the proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation.  Specific deterrence and incapacitation are served by said sentences.  General deterrence is amply served by the proposed sentence as well as by the many collateral consequences this case has had for Mr. Ingram.  The proposed sentence will further solidify Mr. Ingram's respect for the law.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation.  Respectfully, it would not in this case.  Mr. Ingram recognizes that he has brought much of this upon himself.  But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for additional judicial punishment.

**IV. Conclusion**

Based on the above, the Defendant respectfully requests that this Court impose a **sentence of one year and one day (or 12 months and 1 day)** to achieve the goals of punishment, deterrence and respect for the law.

We respectfully submit that this sentence is sufficient but not greater than necessary to achieve the sentencing objectives as set out in USSC 3553(a).

        Respectfully submitted,

        KOLKER & LABOVITZ

        /s/ *Brent Labovitz*
        Brent E. Labovitz, No. 61468MO
        7700 Bonhomme Ave., Suite 350
        Clayton, Missouri 63105
        Telephone: (314) 726-1300
        Facsimile: (314) 727-8529
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Friday, June 5, 2020 the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon Katherine Dolin, Assistant United States Attorney, and Sarah Graeler, United States Probation Office at their address of record.

        /s/ *Brent Labovitz*
        Brent E. Labovitz No. 61468MO